EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* José Antonio Alameda, acusado y apelante.

No. 3185.—*Visto:* Junio 7, 1927. *Resuelto:* Julio 7, 1927.

DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—REVISIÓN—CUESTIONES DISCRECIONALES—CELEBRACIÓN DEL JUICIO—EN GENERAL.—Cuando al celebrar un caso, es evidente para la corte que unos testigos han hecho al fiscal declaraciones que tienden a probar la culpabilidad del acusado y que, no obstante aquéllas, tratan de favorecer a éste, y la corte manifiesta a aquéllos que de no decir la verdad serían procesados por perjurio, amenazándolos con ir a la cárcel si no contestan en una u otra forma las preguntas del fiscal, en ausencia de demostración de que la corte al así actuar hizo uso tan impropiamente de su discreción en la celebración del caso que equivalga a una injusticia, procede confirmar la sentencia apelada.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por delito de portar armas. *Confirmada.*

*Luis A. García del Rosario, Ernesto Ortiz Romeu,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Hubo bastante prueba en este caso para demostrar la culpabilidad del acusado, a quien se le imputaba el portar una navaja para fines de ofensa y defensa. Los autos mecanografiados no demuestran que se presentara objeción alguna a ninguna parte de la prueba, que se tomara excepción o que se hiciera ninguna protesta con respecto a alguna actuación o resolución de la corte. Bajo tales circunstancias el estado de los autos generalmente exige la confirmación de la sentencia dictada por la corte inferior.

El apelante reconoce este principio, pero apela a la jurisprudencia de esta corte en que se ha sostenido que errores fundamentales serán tomados en consideración aún si no se hubiese presentado objeción a los mismos. El apelante sostiene que la corte intimidó o coercionó a los testi-

gos obligándoles a hacer manifestaciones que de lo contrario no hubiesen hecho.

Declaraba un testigo de cargo. Este negó haber visto la navaja en poder del acusado. Alegando haber sido sorprendido, el fiscal se propuso basarse en el artículo 243 del Código de Enjuiciamiento Criminal y examinar al testigo con tal fin. La corte se dirigió al testigo y le dijo con severidad evidente que a menos que dijera la verdad sería procesado por perjurio. El testigo finalmente, después de preguntársele con persistencia admitió con mucha contrariedad que el acusado se sacó la navaja del bolsillo. La corte incidentalmente amenazó con mandar al testigo a la cárcel si no contestaba en una u otra forma la pregunta que se le hacía.

Entonces se presentó otro testigo. La corte antes de que el testigo comenzara a declarar le advirtió en forma severa que si no decía la verdad se le procesaría por el delito de perjurio.

Desde luego, era evidente para la corte que estos testigos habían hecho al fiscal declaraciones que tendían a probar la culpabilidad del acusado. La corte probablemente tuvo la idea de que se había tratado de influenciar a los testigos o que éstos estaban dejando guiarse por sus simpatías para con el acusado. Tenemos alguna duda en cuanto a si el juez de la corte inferior debió haber sido tan severo, pero no estamos absolutamente seguros de que estuviese equivocado al adoptar la actitud que asumió. La dificultad estriba en que un testigo en determinado caso puede haber estado sujeto a coerción ante un fiscal y estar diciendo la verdad en la corte. De todos modos, una corte tiene amplia discreción en la celebración de un caso y no hallamos que en el presente se haya hecho uso tan impropiamente de tal discreción que equivalga a una injusticia. Y esto es especialmente cierto en ausencia de cualquier actuación de parte del acusado en la corte inferior.

*La sentencia debe ser confirmada.*